UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher S. Johnson, #350430, | ) C/A No. 5:12-3447-SB-KDW |
|                                Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION FOR |
| Scott "Scotty" Bodiford; | ) PARTIAL SUMMARY DISMISSAL |
| Patricia Ray; | ) |
| John Doe; in their individual capacities, | ) |
|                               Defendants. | ) |

This is a civil action filed pro se by a state prisoner currently housed at the Lieber Correctional Institution. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that the Complaint should be summarily dismissed as to Defendant Scott "Scotty" Bodiford. In a separately docketed order, the undersigned has authorized service against Defendant Patricia Ray.[1]

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton*

---

[1] Plaintiff also names "John Doe," an individual whose "legal name, job title, and job description are currently unknown to the Plaintiff[.]" Compl. ¶ 6. Service on "John Doe" cannot be properly effected at this time.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case, or an individual claim, upon a finding that it "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the claim(s) "lacks an arguable basis either in law or in fact." *See Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented,

*Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. 662 (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at 677-78; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[2] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Additionally, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## Background

---

[2] Although the *Iqbal* Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure 12(b)(6), the court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, as *Iqbal* discusses the general pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which apply in all civil actions. *Iqbal*, 556 U.S. at 677-80. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Federal Rule of Civil Procedure 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

According to the Complaint, before his present incarceration, Plaintiff was an inmate at Greenville County Detention Center ("GCDC"). While at GCDC, Plaintiff went to see Defendant Doe[3] to have blood drawn. When Doe was ready to draw Plaintiff's blood, he folded a metallic "swing-arm" across Plaintiff's lap. Plaintiff felt a sharp, stinging pain in his right leg. When he raised the swing-arm, Plaintiff found a mental splinter protruding from the swing-arm. Plaintiff showed the splinter to Doe, who discarded it. Compl. ¶¶ 10-12.

Plaintiff asked to be seen by Defendant Ray, who dismissed Plaintiff's concerns and request for a disinfectant. She gave him bandages and instructed Plaintiff to clean his wound with soap and hot water. *Id.* ¶ 13. Despite such cleaning, however, the wound worsened until Plaintiff was unable to walk. *Id.* ¶ 14. Testing revealed that Plaintiff had developed a methicillin-resistant Staphylococcus aureus ("MRSA") infection. *Id.* ¶¶ 15-19. Plaintiff suffered from two MRSA outbreaks, each lasting approximately one month and leaving Plaintiff with lasting scarring. *Id.* ¶ 20.

As to Defendant Bodiford, Plaintiff states:

[Bodiford] is the jail administrator for [GCDC]. He is legally responsible for the overall operation and security of the facility. Additionally, Defendant Bodiford is ultimately responsible for the workplace performance of [GCDC]'s employees and/or contract staff, as well as safeguarding the health and welfare of all the inmates in that facility.

*Id.* ¶ 4.

---

[3]Plaintiff indicates that "on and around the date in question," Doe "was (at a minimum) acting in the capacity of a medical technician/phlebotomist." Compl. ¶ 6.

Plaintiff asks that this court issue a declaratory judgment that Defendants have violated his United States Constitutional and federal rights, and award monetary damages against each Defendant. *Id.* ¶¶ 28-37.

Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Plaintiff appears to have no complaint about any direct action of Defendant Bodiford, only that, as the jail administrator, Bodiford is responsible for all that goes on at GCDC. *See* Compl. ¶ 4. However, the doctrine of "respondeat superior" generally is inapplicable to § 1983 suits, such that a supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Fisher v. Wash. Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable

risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984).

The Complaint makes no allegation that Defendant Bodiford was deliberately indifferent to, or tacitly authorized, any of the alleged deliberate indifference of the other Defendants. Thus, Plaintiff fails to show that Bodiford is liable on a theory of respondeat superior or supervisory liability, and the undersigned recommends dismissing the claim against this Defendant.

## Recommendation

It is recommended that the Complaint be dismissed as to Defendant Bodiford without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

December 28, 2012                           Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).