UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher S. Johnson, | ) | C/A No. : 5:12-cv-03447-SB-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Scott "Scotty" Bodiford, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Reconsider this court's order denying his request to appoint counsel. ECF No. 20. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

Plaintiff asks the court to reconsider his request for appointment of counsel arguing that his case presents exceptional circumstances. ECF No. 20 at 1. Plaintiff contends that he was on lockdown for "at least a month" starting August 15, 2012, and that this lockdown period was followed by "extremely limited inmate movement." *Id.* at 2. Plaintiff contends that after the lockdown ended that he was denied access to the law library for the "last (almost) five months." *Id.* at 3. Plaintiff argues that he is being punished, not for his own actions, but for the actions of his peers. *Id.* at 4. Plaintiff requests that the court appoint counsel to represent him in this matter. *Id.*

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court is granted the power to exercise its discretion to

appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)).

The court has reviewed the pleadings and other documents filed by Plaintiff and has determined that there are no exceptional or unusual circumstances presented which would warrant any adjustment to the court's prior ruling. *Whisenant*, 739 F.2d 160. Plaintiff's arguments concerning his inability to use the law library is insufficient to justify appointment of counsel and may be more appropriately addressed pursuant to a denial of access to courts claim. Accordingly, Plaintiff's Motion to Reconsider, ECF No. 20, is denied.

IT IS SO ORDERED.

March 6, 2013                                                              Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge