IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2013 APR 17 A 9:58

DISTRICT COURT
OF SOUTH CAROLINA

| | |
|---|---|
| Christopher S. Johnson, #350430, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:12-3447-SB |
| v. ) | |
| Scott "Scotty" Bodiford; ) | **ORDER** |
| Patricia Ray; ) | |
| John Doe; in their individual capacities, ) | |
| Defendants. ) | |

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983.

In his complaint, the Plaintiff, who was a pre-trial detainee at the time relevant to this matter, alleges that on December 12, 2010, Defendant Ray determined that he needed to have blood drawn to screen for possible diabetes. The Plaintiff contends that when he sat down before the procedure, Defendant Doe folded a metallic swing-arm across his lap, at which point the Plaintiff felt a sharp, stinging pain in his right leg. The Plaintiff claims that he was injured as a result and that he expressed concern over a tetanus infection but that Defendant Ray dismissed the Plaintiff's concerns and told him to clean the wound with soap and water. The Plaintiff claims that his condition deteriorated rapidly until he could not walk on his own due to swelling and pain, and that when he was finally examined by Defendant Ray, she pulled a fragment of metal from within his leg. The Plaintiff then received a tetanus injection, but several days later, he was informed that he had contracted a methicillin-resistant staphylococcus infection ("MRSA"). The Plaintiff claims that he suffered two back-to-back MRSA infections between December of 2010 and February of

2011 and that these outbreaks have left him with noticeable physical scars.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary consideration and for a report and recommendation ("R&R"). On December 28, 2012, Magistrate Judge Kaymani D. West issued an R&R recommending that the Court summarily dismiss the complaint as to Defendant Bodiford without prejudice and without issuance and service of process based on the Plaintiff's failure to allege any direct action of Bodiford or to show an official custom or policy that resulted in the alleged injury. In a separately docketed order, the Magistrate Judge authorized service against Defendant Ray.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections to the R&R, the Plaintiff first claims that the Magistrate Judge should have granted his request for the appointment of counsel based on unusual

circumstances. The Plaintiff complains that he is now incarcerated in the notorious Lieber Correctional Institution and that his unit has undergone lock-downs for a plethora of reasons. Next, the Plaintiff objects to the dismissal of Defendant Bodiford and asserts that Bodiford was the "catalyst and impetus behind a 'culture' of 'cost-cutting' measures that have resulted in inadequate security (in some areas of the facility), 'risky' or 'substandard' medical practices, high employee turnover, etc." (Entry 20 at 4.)

Here, as the Magistrate Judge noted in the R&R, the doctrine of *respondeat superior* generally does not apply to section 1983 actions absent an official policy or custom that results in illegal action. That being said, however, a higher official may be liable for the acts of his subordinates if the official knows of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. "Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984) (citations omitted). The plaintiff has a heavy burden in supervisory liability cases because "[h]e not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].' " Id. at 373 (citations omitted).

Here, after consideration, the Court agrees with the Magistrate Judge that the Plaintiff has failed to allege or otherwise demonstrate the Defendant Bodiford was deliberately indifferent to, or tacitly authorized, any of the alleged deliberate indifference

3

of the other Defendants.[1] Thus, the Court agrees with the Magistrate Judge that the Plaintiff has failed to state a claim against Defendant Bodiford based on a supervisory liability theory. The Plaintiff's objection on this issue is overruled.

Next, with respect to the Plaintiff's objection that the Magistrate Judge should have appointed counsel to represent him, the Court first notes that the Magistrate Judge denied the Plaintiff's request both initially and on reconsideration. (See Entries 11 and 27.) As the Magistrate Judge noted, there is no right to appointed counsel in section 1983 cases, and the Court, in exercising its discretion, should appoint counsel for an indigent in a civil action "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Ultimately, after a review of the record, the Court agrees with the Magistrate Judge that, at least at this time, this case does not present exceptional circumstances warranting the appointment of counsel. Therefore, this objection is overruled.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 12) is adopted and incorporated; Defendant Bodiford is dismissed without prejudice and without issuance and service of process; and the Plaintiff's objections (Entry 17) are overruled.

---

[1] In his complaint, the Plaintiff alleges the following against Defendant Bodiford:

> Defendant, Scott Bodiford, is the jail administrator for Greenville County Detention Center. He is legally responsible for the overall operation and security of the facility. Additionally, Defendant Bodiford is ultimately responsible for the work-place performance of the Detention Center's (hereafter referred to as "G.C.D.C.") employees and/or contract staff, as well as safeguarding the health and welfare of all the inmates in that facility.

(Entry 1 at 2.)

AND IT IS SO ORDERED.

Sol Blatt, Jr.
Senior United States District Judge

April **16** 2013
Charleston, South Carolina