UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher S. Johnson, | ) | C/A No. : 5:12-cv-03447-SB-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Scott "Scotty" Bodiford, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel Discovery and Motion to Grant an Extension, ECF No. 29, filed on March 15, 2013, and Plaintiff's Amended Motion to Compel and Motion to Subpoena Records, ECF No. 37, filed on April 15, 2013. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

In his Motion to Compel Discovery, ECF No. 29, Plaintiff asks the court to order Defendant Patricia Rae to produce the following documents: (1) Plaintiff's complete prison record; (2) Plaintiff's medical records from October 7, 2010 to April 11, 2012; (3) shift and time records of all medical department employees from October 2010 through April 2011, the names of the employees and copies of badges/cards for "all white (Caucasian) male employees (in the medical department) between the ages of 21 and 60 who were employed (full-or part-time, whether on a contractual, permanent, or temporary basis)" from October 20, 2010 through April 11, 2011; and (4) Greenville County Detention Center rules and

regulations, policies or customs regarding penetration or puncture injuries. ECF No. 29 at 1-2. Plaintiff contends that he needs this information to support his claims, to help identify potential witnesses, and to "facilitate the identification of John Doe." *Id.* Plaintiff seeks $600 in costs associated with filing this motion. *Id.* at 1-3. Plaintiff also moves for an extension of the March 10, 2013 deadline for filing an amended complaint arguing that Defendant Rae's failure to produce the requested information is preventing Plaintiff from identifying John Doe and adding him as a party to his lawsuit. *Id.* at 4.

Defendant Rae opposes Plaintiff's motion to compel contending that Plaintiff's discovery requests seeks documents "over which [she] exercises no control." ECF No. 34 at 2. Notwithstanding this objection, Defendant indicates that "Greenville County has authorized [Defendant Rae's] attorney to produce discoverable documents that are not subject to a privilege and that are not otherwise exempt or protected from discovery." *Id.* at 3. In response to his discovery requests, Greenville County has agreed to provide the following documents to Plaintiff: (1) Plaintiff's entire medical file (minus mental health records in May 2011 and April 2012) and the entire "Medication Distribution" chart; and (2) the protocols concerning "puncture" injuries to the extent that any such protocols exists. *Id.* at 3-5.

Defendant Rae objects to producing Plaintiff's jail records contending that these documents are not reasonably calculated to lead to the discovery of admissible evidence. ECF No. 34 at 4. Defendant Rae also objects to the production of Greenville County employee shift and time records and employee identification badges for all Greenville County Detention Center medical staff arguing this information is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and raises security issues

concerning the exact arrival and departure times of these employees. *Id.* Defendant Rae seeks a protective order preventing Plaintiff from obtaining these employee records. *Id.*

Plaintiff replies to Defendant Rae's argument that his requests are overly broad or burdensome and contends that the "specific" records he seeks will allow Plaintiff to (a) identify and serve John Doe, (b) refute "Defendant Rae's contention that Plaintiff received any treatment after being injured by the metal," (c) allow Plaintiff to identify non-medical staff witnesses that might have entered notes about Plaintiff's medical concerns or complaints before the metal was removed from his leg, (d) "to examine any observations/notations trained medical staff may have concerning plaintiff's condition, both during and subsequent to both methicillin-resistant staphylococcus aureus ("MRSA") outbreaks," and (e) show Plaintiff's movement in the jail from general population to "the jail's 'staph' dorm." ECF No. 36 at 1-2. Plaintiff argues the production of names and copies of identification badges of white male medical staff to help Plaintiff identify John Doe is not burdensome as there are about 12 employees who fit this description and approximately seven months of time sheets that would require the production of 28-32 sheets of paper. *Id.* at 3-4. Plaintiff also contends that Defendant Rae does not need a protective order to prevent the production of the time sheets because this information is over two years old and has changed significantly over time. *Id.* at 4-5. Plaintiff further argues that there is nothing restricted or confidential about county employee shift records, especially because he is not seeking home addresses or contact information. *Id.* at 4. Plaintiff requests that the court issue a subpoena to Greenville County as set forth in his original and amended motions to compel. *Id.* at 5-6.

The court has reviewed Plaintiff's discovery requests and Defendant Rae's responses and objections, including Defendant Rae's contention that she neither owns or maintains the records requested by Plaintiff and therefore exercises no control over their production. In light of this objection, the court finds that Defendant Rae's agreement to produce, via Greenville County, Plaintiff's medical records (without the May 2011 and April 2012 mental health records), is a sufficient response to Plaintiff's discovery requests. To the extent Defendant Rae offers objections to Plaintiff's discovery requests based on the requests being overly-broad, irrelevant, or security concerns, these objections are overruled as Defendant Rae does not have standing to offer these objections on behalf of a third party. Accordingly, Defendant Rae's request for a protective order to prevent the production of Greenville Country employee shift and time records and employee identification badges is also denied. The court finds that Defendant Rae has sufficiently responded to Plaintiff's discovery requests and has provided, or will provide, Plaintiff with documents and material relevant to the prosecution of his case. Accordingly, Plaintiff's Motion to Compel, ECF No. 29, is denied. Plaintiff's request for costs is also denied.

Addressing Plaintiff's arguments in his Response to Defendant's memorandum opposing Plaintiff's motion to compel, the court finds that Defendant Rae's production of Plaintiff's medical records may provide Plaintiff with the information he seeks regarding the identification of John Doe, potential medical and non-medical witnesses, and information to refute Defendant Rae's contentions concerning Plaintiff's medical treatment. Accordingly, Plaintiff's Amended Motion to Compel, ECF No. 37, is denied. Plaintiff's request that a subpoena be issued to Greenville County for documents outlined in his original and amended motion to compel is **denied without prejudice with leave to re-file by June 24, 2013** to

permit Plaintiff an opportunity to review the medical records for the requested information. Because the court finds that the documents sought by Plaintiff are relevant to the potential identification of John Doe, Plaintiff's request for an extension of the amended complaint deadline, and other subsequent deadlines in the current scheduling order, ECF No. 25, is granted. The court hereby stays all the deadlines in the scheduling order pending the resolution of the parties' discovery disputes.

In conclusion, Plaintiff's Motion to Compel, ECF No. 29, is granted in part and denied in part. Plaintiff's Motion to extend the scheduling order is granted and the deadlines in the scheduling order are hereby stayed; Plaintiff's Motion to Compel is denied. Plaintiff's Amended Motion to Compel, ECF No. 37, is denied. Plaintiff's motion to issue a subpoena to Greenville County for the documents outlined in his motion to compel and amended motion to compel is denied without prejudice with leave to re-file by June 24, 2013.

IT IS SO ORDERED.

April 22, 2013                                                                               Kaymani D. West
Florence, South Carolina                                                       United States Magistrate Judge

5