UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher S. Johnson, | ) | C/A No. : 5:12-cv-03447-SB-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Patricia Ray; John Doe; in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for an Order Compelling Discovery, ECF No. 48, filed on May 30, 2013. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

On April 22, 2013, this court issued an order denying, with leave to re-file, Plaintiff's motion to issue a subpoena to Greenville County for medical records and other documents. ECF No. 41 at 5. Plaintiff was instructed to review the medical records produced by Defendants for the information that he was requesting in his subpoena and was told that he had until June 24, 2013 to re-file his motion for a subpoena. *Id.* at 5. On May 30, 2013, Plaintiff filed this current Motion to Compel contending that he has reviewed the medical records produced and the records are "insufficient to identify 'John Doe,' positively identify witnesses in the medical department (records frequently use initials of names thereby thwarting identification), and do not contain notations Plaintiff reasonably believes were entered into the G.C.D.C. computer database by

non-medical staff in the days immediately following Plaintiff's injury, but before he was seen by the medical department." ECF No. 48 at 2-3. Plaintiff requests "that the court demand that the requested materials be produced forthwith in an expedited fashion." *Id.* at 3-4.

In response to a July 11, 2013 Order directing Defendant Patricia Rae[1] to respond to Plaintiff's Motion to Compel, Defendant Rae filed a Memorandum in Opposition to Plaintiff's motion. ECF No. 56. Defendant Rae argues that Plaintiff's motion should be denied because she has complied with the court's Order dealing with Plaintiff's prior motion to compel, which is the basis for Plaintiff's present motion. ECF No. 56 at 1. Defendant Rae also contends that Plaintiff's motion should be denied because she does not possess the documents that Plaintiff requests, nor does she have any control over these documents. *Id.*

In light of this court's Order dated April 22, 2013, and the arguments made by Plaintiff in his motion, the court grants Plaintiff's Motion to Compel, ECF No. 48, which is construed as a Motion for a Subpoena.[2] The Clerk of Court is directed to issue a subpoena to Greenville County Detention Center. Plaintiff is advised that he is responsible for completing the remaining information on the subpoena form and ensuring that the subpoena is received by Greenville County Detention Center. Plaintiff is also advised that he may supplement, if he so desires, his response to Defendant Rae's summary judgment motion, ECF No. 52, by September 23, 2013. Plaintiff's supplemental filing is limited to arguments related to any information he receives in response to his subpoena to Greenville County Detention Center.

---

[1] Incorrectly identified in the caption as Patricia Ray.
[2] Although discovery in this case has ended, Plaintiff's original motion for subpoenas was filed on April 15, 2013, before the discovery deadline expired on April 22, 2013. *See* ECF Nos. 25, 37.

IT IS SO ORDERED.

August 23, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge